**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**October 22, 2025**

_____

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HECTOR JAVIER VALDEZ,

Defendant - Appellant.

No. 22-3025
(D.C. Nos. 2:19-CV-02491-JAR-JPO,
2:19-CV-02254-JAR-JPO,
2:14-CR-20096-JAR-8)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, Chief Judge, **MATHESON**, and **EID**, Circuit Judges.
_____

This matter is before us on Appellant's *Unopposed Motion to Summarily Resolve Appeal*. Appellant raised two issues in his opening brief and request for certificate of appealability (COA):

1. Did the district court err when it concluded that *Shillinger*[1]'s conclusive presumption of prejudice does not apply when a prosecutor intentionally and unjustifiably intrudes on the defendant's confidential attorney-client communications after the defendant pleads guilty but before the defendant is sentenced?

2. Did the district court err when it put the burden on the defendant to prove prejudice in order to establish a Sixth Amendment violation in this circumstance?

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.
[1] *Shillinger v. Haworth*, 70 F.3d 1132 (10th Cir. 1995).

The court previously granted a COA as to Issue 2. Appellant's request for a COA as to Issue 1 remains pending. We abated this appeal pending the Supreme Court's disposition of petition for writ of certiorari in *United States v. Hohn*, No. 24-1084. The Supreme Court denied certiorari in *Hohn* on October 14, 2025.

In his motion to summarily resolve this appeal, Appellant acknowledges that this court is bound by both *United States v. Orduno-Ramirez*, 61 F.4th 1263 (10th Cir. 2023) and *United States v. Hohn*, 123 F.4th 1084 (10th Cir. 2024) to deny the request for COA as to Issue 1 and to conclude that the district court did not err as to Issue 2.

Upon consideration, and in light of the foregoing, the abatement of this appeal is lifted. Appellant's request for a COA on Issue 1 is denied and the appeal is dismissed as to Issue 1. The district court's decision on Issue 2 is affirmed.

Entered for the Court

Per Curiam